DAVID A. HUBBERT
Deputy Assistant Attorney General

CHRISTINA T. LANIER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-765-4908 (v)
202-514-4963 (f)
Christina.T.Lanier@usdoj.gov

RANDY S. GROSSMAN
United States Attorney
Southern District of California
*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO AROESTE, ESTELA AROESTE <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> <u>Defendant</u> | Case No.: 22-cv-682-AJB-KSC <br><br> **UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER VENUE** <br><br> Hearing Date: August 25, 2022 <br> **ORAL ARGUMENT REQUESTED** |

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................. i

**TABLE OF AUTHORITIES** ..................................................................................... ii

**I. INTRODUCTION** ..............................................................................................1

**II. BACKGROUND** ................................................................................................1

**III. ARGUMENT** .....................................................................................................4

    A.    The Court Should Dismiss This Action Under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) Because the Aroestes Fail to Establish That Venue Is Proper Under 28 U.S.C. § 1402(a). ..................................4

        1. Venue Is Not Proper in This Jurisdiction and the Aroestes Only Seek the Jurisdiction of This Court to Engage in Improper Forum Shopping. ..................6

        2. Because Venue Is Improper, the Court Should Dismiss This Action. ............8

    B.    In The Alternative, the Court Should Dismiss This Action or Else Transfer It to the U.S. District Court for the Middle District of Florida Under the First-to-File Rule Because the United States' Related Action in That Court Was Filed First. 9

        1. The United States Filed Its Complaint Before the Aroestes. ........................11

        2. The Parties in the Two Actions Are Functionally Identical. .......................11

        3. The Issues in the Two Actions Are Similar and the Causes of Action Are Identical. ..................................................................................................................12

        4. No Judicially Recognized Exceptions to the Venue Test Applies. ..............12

        5. Because the United States Filed First, the Parties Are Functionally Identical, the Issues are Similar, and the Causes of Action Are Identical, the Court Should Dismiss This Action. ........................................................................................13

**IV. CONCLUSION** ................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991)..................9, 10
*Amity Rubberized Pen Co. v. Mkt. Quest Grp., Inc.*, 793 F.3d 991 (9th Cir. 2015)..6
*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320 (9th Cir. 1996) ...........................2, 6
*Bedrosian v. United States*, 912 F.3d 144 (3d Cir. 2018)..........................................2
*Boyd v. United States*, 991 F.3d 1077 (9th Cir. 2021).................................................7
*Caleshu v. Wangelin*, 549 F.2d 93 (8th Cir. 1977) ....................................................5
*Campbell v. Annie's Homegrown, Inc.*, No. 17cv1736-MMA (MDD), 2017 WL 6406703 (S.D. Cal. Dec. 15, 2017) ......................................................................11
*Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738 (9th Cir. 1979)......9
*Diamond v. United States*, No. 2:17-CV-06327-ODW (PJW), 2018 WL 922128 (C.D. Cal. Feb. 15, 2018) ........................................................................................6
*Dugan v. Rank*, 372 U.S. 609 (1963).................................................................1, 11
*EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125 (D. Mass 2012) .................7
*Flynn v. Love*, No. 21-CV-629-JLS (KSC), 2021 WL 2826021 (S.D. Cal. July 7, 2021) ......................................................................................................................10
*Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962)........................................................5
*King v. Russell*, 963 F.2d 1301 (9th Cir. 1992) .........................................................5
*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237 (9th Cir. 2015) ............................................................................................................... 9, 10, 12
*Land v. Dollar*, 330 U.S. 731 (1947) .........................................................................1
*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) .........................................2
*Leroy v. Great W. United Corp.*, 443 U.S. 173 (1979)..............................................4
*Location Servs., LLC v. Digital Recognition Network, Inc.*, No. 2:18-CV-00893-KJM-AC, 2018 WL 3869169 (E.D. Cal. Aug. 15, 2018) ............................. 10, 13
*Malajalian v. United States*, 504 F.2d 842 (1st Cir. 1974).......................................5
*Mendu v. United States*, 153 Fed. Cl. 357 (Fed. Cl. 2021)........................................2
*Miller v. Hambrick*, 905 F.3d 259 (9th Cir. 1990).................................................5, 9
*Noonis v. United States*, 539 F. Supp. 404 (S.D. Cal. 1982).....................................5
*Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120 (S.D. Cal. 2005)..............................................................................8
*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982) ............. passim
*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002).......................6
*Saints v. Winter*, No. 05CV0806 JAH (RBB), 2007 WL 2481514 (S.D. Cal. 2007) ..........................................................................................................................1, 11
*Saraco v. United States*, 61 F.3d 863 (Fed. Cir. 1995) ............................................5

*Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835 (9th Cir. 2017)..........................7
*Topsnik v. United States*, 544 Fed. App'x 630 (9th Cir. 2014) ..............................5, 6
*United States v. Bittner*, 19 F.4th 734 (5th Cir. 2021), *cert. granted*, 2022 WL 2203345 (U.S. June 21, 2022)........................................................................................7
*United States v. Corinthian Colls.*, 655 F.3d 984 (9th Cir. 2011)..................................2
*United States v. Hadley*, 2022 WL 899701 (M.D. Fla. Mar. 28, 2022) ....................7
*Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d. 1377 (S.D. Cal. 2014).................................................................................................... 9, 10, 13

**STATUTES**

28 U.S.C. § 1346(a)(2).................................................................................. 1, 2, 5, 11
26 U.S.C. § 1391(b) .................................................................................................5
28 U.S.C. § 1391(e) .................................................................................................4
28 U.S.C. § 1402(a) .............................................................................................5, 6
28 U.S.C. § 1404(a) ...............................................................................................10
28 U.S.C. § 1406(a) ......................................................................................... 1, 5, 8
28 U.S.C. § 7422(f).............................................................................................1, 11
31 U.S.C. § 3717......................................................................................................4
31 U.S.C. § 5314......................................................................................................3
31 U.S.C. § 5321(a)(5).............................................................................................3
Fla. Stat. § 97.0585 ..................................................................................................3
Fla. Stat. § 119.07 ....................................................................................................3

**RULES**

Fed. R. Civ. P. 3.......................................................................................................9
Fed. R. Civ. P. 12(b)(3).........................................................................................1, 5
Fed. R. Civ. P. 13(a).................................................................................................8
Fed. R. Civ. P. 42(a).................................................................................................8
Fed. R. Evid. 201(b).................................................................................................2

**REGULATIONS**

31 C.F.R. § 1010.350(a)...........................................................................................3
31 C.F.R. § 1010.350(b) ..........................................................................................3

**CONSTITUTIONAL PROVISIONS**

Fla. Const. Art I, Sec. 24(a) .....................................................................................3

## I.     INTRODUCTION

The United States of America, as the proper defendant in this action,[2] moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue or under the first-to-file rule. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). In the alternative, the United States moves under § 1406(a) to transfer this action to the United States District Court for the Middle District of Florida, where the United States' first-filed action against the Aroestes is pending. In either case, relief is also appropriate to avoid the Aroestes' attempts to use this Court to forum shop, seeking better precedent despite a lack of venue here.

## II.     BACKGROUND

Alberto and Estela Aroeste are a married couple against whom the Internal Revenue Service has assessed penalties[3] for their non-willful failure to file Reports

---

[2] This action is properly against the United States, not its agents or agencies. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963) ("The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration.'" (quoting *Land v. Dollar*, 330 U.S. 731, 738 (1947)). Whether this action arises under the Little Tucker Act or the internal revenue laws, *see infra* n.3, the United States is the proper defendant. *See Saints v. Winter*, No. 05CV0806 JAH (RBB), 2007 WL 2481514, at *4 (S.D. Cal. 2007) (holding that an agency is an improper defendant under both the Tucker Act and the Little Tucker Act); 26 U.S.C. § 7422(f) (actions for the refund of a tax penalty may only be maintained against the United States, not its officers or agencies).

[3] The Aroestes style their action as arising under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), which gives district courts jurisdiction over civil claims against the United States for $10,000 or less. (ECF No. 1, Compl. ¶ 6.) FBAR penalties, however, might be better understood as internal revenue penalties, with jurisdiction arising under 28 U.S.C. § 1346(a)(1). *See Bedrosian v. United States*, 912 F.3d (continued...)

of Foreign Bank and Financial Accounts, often called "FBARs." (Compl. ¶¶ 1, 6, *United States v. Aroeste*, No. 8:22-cv-01067-TPB-SPF (M.D. Fla., filed May 6, 2022) [hereinafter Fla. Compl.].) Alberto is a Mexican citizen and a U.S. lawful permanent resident, while Estela has been a naturalized U.S. citizen since 2011. (ECF No. 1, Compl. ¶¶ 1–2.)

Since 1985, the Aroestes have been domiciled in St. Petersburg, Pinellas County, Florida. (Ex. 1, Alberto Aroeste Declaration of Domicile and Citizenship; Ex. 2, Estela Aroeste Declaration of Domicile and Citizenship.)[4] As recently as 2019, the Aroestes affirmed that they live in Pinellas County, Florida on official documents that they filed with the Pinellas County Clerk of Court. (Ex. 3, Trustee's Deed.) On information and belief, the Aroestes hold driver's licenses listing St. Petersburg, Florida as their residence, and Estela Aroeste is registered to vote and has voted in Florida using the same St. Petersburg address. (Ex. 4, Voter

---

144, 149 n.1 (3d Cir. 2018) (reasoning in dicta that despite its placement in title 31, the foreign bank account reporting requirement is analogous to the reporting requirements for the holding of foreign companies under 26 U.S.C. § 6038(b) and thus should be treated as an internal revenue law). *But see Mendu v. United States*, 153 Fed. Cl. 357, 366–68 (Fed. Cl. 2021) (rejecting the Third Circuit's reasoning in *Bedrosian* and refusing to treat FBARs as arising under the internal revenue laws). Because the United States' argument does not turn on whether the Aroestes' claim arises under 28 U.S.C. § 1346(a)(1) (internal revenue laws) or § 1346(a)(2) (Little Tucker Act), the Court need not resolve this question.

[4] The Court may judicially notice facts that are "not subject to reasonable dispute," Fed. R. Evid. 201(b), including "matters of public record." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). And unlike motions to dismiss under Rule 12(b)(6), for Rule 12(b)(3) motions the Court may "consider facts outside of the pleadings" and need not treat the pleadings as true. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

Information Lookup Results for Estela Aroeste).[5]

Federal law requires that every "United States person" who has a financial interest in, or signature authority over, a foreign financial account to report that relationship to the IRS every year. 31 U.S.C. § 5314; 31 C.F.R. § 1010.350(a). A United States person includes U.S. citizens and lawful permanent residents. 31 C.F.R. § 1010.350(b)(1)–(2).The filing requirement only applies to United States persons who have an aggregate balance of more than $10,000 across all foreign accounts during a calendar year.

In 2012, the Aroestes each held three foreign accounts individually and three accounts jointly, for a total of nine accounts between the two of them. (Fla. Compl. ¶¶ 11–14.) In 2013, they both held the three joint accounts; Alberto continued to hold three foreign accounts, while Estela held only two. (Fla. Compl. ¶¶ 11–14.) For both years, the aggregate balance of the accounts under each spouse's control far exceeded the $10,000 threshold. (Fla. Compl. ¶ 14.) Neither Aroeste filed an FBAR by the statutory deadline for either year. (Fla. Compl. ¶¶ 25, 36). Based on the Aroestes' failure to timely file their FBARs, a delegate of the Secretary of the Treasury assessed penalties against each of them under 31 U.S.C. § 5321(a)(5). The delegate assessed against Alberto penalties totaling $100,000 and against Estela totaling $27,000. (Fla. Compl. ¶¶ 26, 37.) A delegate of the Secretary Treasury gave notice of these assessments and made demands on both Alberto and Estela on July 23, 2020. (Fla. Compl. ¶¶ 27–28, 38–39.) Both have failed to pay the penalties in full. (Fla. Compl. ¶¶ 27–28, 38–39.) As of March 9, 2022, Alberto

---

[5] Voter registration information is a public record in Florida. Fla. Stat. § 119.07; Fla. Const. Art I, Sec. 24(a). *But see* Fla. Stat. § 97.0585 (exempting from public record certain sensitive information including a voter's social security, driver license, or Florida identification numbers). Thus, the Court may judicially notice Estela Aroeste's Florida voter registration status.

owed the United States $113,019.17, and Estela owed the United States $30,550.68. (Fla. Compl. ¶¶ 30, 41.) Interest on both penalties continues to accrue. *See* 31 U.S.C. § 3717.

The United States sued in the U.S. District Court for the Middle District of Florida on May 6, 2022, seeking to collect the outstanding penalties owed by the Aroestes. (Fla. Compl. ¶ 1.)

Seven days later, the Aroestes sued to recover money they paid in partial satisfaction of their FBAR penalties—$3,004 for Alberto, and $2,996 for Estela. (ECF No. 1, Compl. ¶ 9.) They allege that venue is this Court is proper under 28 U.S.C. §§ 1391(a) and (b) based on the Aroestes' family connections and the supposed centrality of their tax activities to this district. (ECF No. 1, Compl. ¶ 8.) The Aroestes have perfected service of process on the United States Attorney's Office for the Southern District of California and the Attorney General of the United States, while the United States has not yet perfected service in its Florida action.[6]

### III.   ARGUMENT

**A.   The Court Should Dismiss This Action Under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) Because the Aroestes Fail to Establish That Venue Is Proper Under 28 U.S.C. § 1402(a).**

In federal court, venue is essentially a creature of statute. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979). Ordinarily, 28 U.S.C. § 1391(e)

---

[6] The United States is diligently pursuing service in its Florida action and is now waiting for opposing counsels' response to its requests for waivers of formal service of the summons on the Aroestes. *See* Fed. R. Civ. P. 4(d). Even so, the lack of perfected service in that action is unnecessary for the relief requested in this motion. *See infra*; *Pacesetter Sys.*, 678 F.2d at 96 n.3 ("A federal action is commenced by the filing of the complaint, not by service of process.").

governs venue for actions filed against officers or employees of the federal executive branch acting under color of law, while the general venue provisions of 26 U.S.C. § 1391(b) govern other actions against the government. *See King v. Russell*, 963 F.2d 1301, 1340 (9th Cir. 1992).

When a case arises under § 1346(a), like the Aroestes claim that this action does, 28 U.S.C. § 1402(a) governs venue. *See Noonis v. United States*, 539 F. Supp. 404, 405 (S.D. Cal. 1982); (ECF No. 1, Compl. ¶ 6). That section provides that "[a]ny civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only . . . in the judicial district where the plaintiff resides." 28 U.S.C. § 1402(a); *Topsnik v. United States*, 544 Fed. App'x 630, 631 (9th Cir. 2014) (holding that a nonresident alien could not sue for a tax refund in federal district court under § 1402(a)(1) because the alien did not reside in any U.S. judicial district).[7] The only exception is if the claim is brought by a corporation. *See* 28 U.S.C. § 1402(a)(2).

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to file a motion challenging venue. Under 28 U.S.C. § 1406, a district court where a case laying venue in the wrong district is filed may dismiss that case. Section 1406(a) also permits a district court to transfer a case to a district where venue is proper "if it be in the interest of justice." 28 U.S.C. § 1406(a). A transfer is in the interest of justice if dismissal would be 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.3d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). For example, dismissal may be warranted where "the

---

[7] *See also Saraco v. United States*, 61 F.3d 863, 864 (Fed. Cir. 1995); *Caleshu v. Wangelin*, 549 F.2d 93, 95–96 (8th Cir. 1977); *Malajalian v. United States*, 504 F.2d 842, 843 (1st Cir. 1974).

matter to be transferred was frivolous or [was] filed in bad faith." *Amity Rubberized Pen Co. v. Mkt. Quest Grp., Inc.*, 793 F.3d 991, 996 (9th Cir. 2015). The inquiry by the transferor court is narrow and limited to avoid a lengthy inquiry only to hand the case to another court. *See id.* at 996–97.

It is the plaintiff's burden to show proper venue once a defendant objects. *Diamond v. United States*, No. 2:17-CV-06327-ODW (PJW), 2018 WL 922128, at *1 (C.D. Cal. Feb. 15, 2018) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002)). And for Rule 12(b)(3) motions the district court may "consider facts outside of the pleadings" and need not treat the pleadings as correct. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Plaintiffs have not met their burden.

### 1. Venue Is Not Proper in This Jurisdiction and the Aroestes Only Seek the Jurisdiction of This Court to Engage in Improper Forum Shopping.

Venue is not proper in this district. The Aroestes claim the Court has jurisdiction over their action under 28 U.S.C. § 1346(a). (ECF No. 1, Compl. ¶ 6.) Under 28 U.S.C. § 1402(a), which applies when a plaintiff sues under § 1346(a), a plaintiff may only sue the United States in the district where they reside. *See Topsnik*, 544 Fed. App'x at 631. The Aroestes' claim that venue is proper in this district is incorrectly based on the general venue provision of 28 U.S.C. § 1391 and their non-residential ties to southern California. (ECF No. 1, Compl. ¶¶ 7–8.) They have not claimed that they reside in the Southern District of California, the sole basis for venue under § 1402(a). Indeed, they stress that their "permanent home [is] in Mexico" and that they merely "travel and spend most of their visits to the United States" in southern California. (ECF No. 1, Compl. ¶ 8.)

In fact, the Aroestes bring this action, despite the United States' prior-filed action and their lack of adequate ties to Southern California, to forum shop. Forum shopping occurs "when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice." *EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 128 (D. Mass 2012). A court must consider "whether either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding." *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 846 (9th Cir. 2017).

The United States sued the Aroestes in the Middle District of Florida because they have consistently claimed to reside in, hold property in, and have other ties to that district. *See supra*; *see also* Ex. 1–3. The Aroestes, instead of waiting to be served in that action and counterclaiming for alleged illegal exaction, sued here because Ninth Circuit precedent on FBAR violations presently[8] is more favorable for them. *Compare Boyd v. United States*, 991 F.3d 1077, 1086 (9th Cir. 2021) (holding that FBAR penalties should be assessed per-form, not per-account, in a reporting year); *with United States v. Hadley*, 2022 WL 899701, at *3 (M.D. Fla. Mar. 28, 2022) (holding that the mandated FBAR reporting requirement applies to each foreign account). This attempt is blatantly improper forum

---

[8] The Supreme Court has granted certiorari in *United States v. Bittner*. *See* 19 F.4th 734, 749 (5th Cir. 2021), *cert. granted*, 2022 WL 2203345 (U.S. June 21, 2022). The Fifth Circuit held there that FBAR penalties are assessed on a per-account, not a per-form basis, for each reporting year. *Id.* The Ninth Circuit came to the opposite conclusion in *Boyd*. *See* 991 F.3d 1077, 1086 (9th Cir. 2021). The Supreme Court will likely settle the question of how FBAR penalties should be assessed. In the meantime, however, the Aroestes may not take advantage of this circuit split in contravention of venue and forum requirements.

shopping in reaction to the United States' prior-filed suit in a district with case law less-favorable to the Aroestes.

Because the Aroestes have not alleged that they reside in the Southern District of California to satisfy section 1402(a)'s requirements, venue is improper in this district. The only reason the Aroestes seek the venue of this Court is in an effort to engage in improper, reactive forum shopping. Because "discouraging forum shopping is a legitimate goal for the federal courts," this Court should also decline to exercise jurisdiction in light of the Aroestes' improper forum shopping. *See Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1131 (S.D. Cal. 2005).

### 2. Because Venue Is Improper, the Court Should Dismiss This Action.

The Court has discretion to dismiss an action for improper venue, or else transfer it to a district where venue is proper. *See* 28 U.S.C. § 1406(a). But because the United States' related action is already pending in the Middle District of Florida, there is no advantage to transferring the case. If the Court transfers the action, either the Aroestes or the United States will have to move to consolidate. *See* Fed. R. Civ. P. 42(a). If the Court dismisses the action, the Aroestes will be free to counterclaim to the extant action restating the allegations from their complaint in this Court. Fed. R. Civ. P. 13(a).[9] Thus, dismissing this action causes

---

[9] The United States, however, would not be free to dismiss its action and counterclaim against the Aroestes here absent the Aroestes' waiver of the statute of limitations for the collection of the penalties. The statute of limitations to collect against the Aroestes' FBAR penalties ran on May 12, 2022. The United States did file prior to this collection statute, but to dismiss that action would be to forfeit its ability to collect against the Aroestes unless they waive that statute of limitations.

8

22-cv-682-AJB-KSC

no delay, and it causes no other injustice to the Aroestes. *See Miller*, 905 F.3d at 262. Because there is no advantage to transferring the action, the Court should simply dismiss the case. But if the Court declines to dismiss, it should transfer the action to the Middle District of Florida.

**B.     In The Alternative, the Court Should Dismiss This Action or Else Transfer It to the U.S. District Court for the Middle District of Florida Under the First-to-File Rule Because the United States' Related Action in That Court Was Filed First.**

To promote comity among the federal courts, the "first-to-file" rule permits a court with proper jurisdiction and venue to decline jurisdiction because a complaint that involves the same issues and parties is already pending in a different district. *Pacesetter Sys.*, 678 F.2d at 94–95. The rule aims to "'promot[e] efficiency . . . and should not be disregarded lightly.'" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)).

A court considering whether the first-to-file rule applies looks to three factors: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). First, the chronology of the lawsuits turns only on which suit was filed first—perfection of service does not bear on the analysis. *Pacesetter Sys.*, 678 F.2d at 96 n.3 ("A federal action is commenced by the filing of the complaint, not by service of process."); *see also* Fed. R. Civ. P. 3. Second, the parties need only be "substantially similar"—they need not be identical. *Kohn Law Grp.*, 787 F.3d at 1240; *see also Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d. 1377, 1382 (S.D. Cal. 2014) (Battaglia, J.) (holding that the omission or inclusion of additional related parties in the different actions was irrelevant because the two

core parties were the same). Third, like the parties, the issues only need to be substantially similar, not identical. *Kohn Law Grp.*, 787 F.3d at 1241. Finally, there are three recognized exceptions to the first-to-file rule in this circuit: bad faith, anticipatory suit, and forum shopping. *See Pacesetter Sys.*, 678 F.2d at 628.[10]

District courts have discretion to dismiss, transfer, or stay a case under the first-to-file rule, but that discretion is not unlimited. *Alltrade, Inc.*, 946 F.2d at 628–29. Dismissal is appropriate if the second-filed action essentially duplicates the first-filed action and adequate remedies are available in the first court. *Flynn v. Love*, No. 21-CV-629-JLS (KSC), 2021 WL 2826021, at *5 (S.D. Cal. July 7, 2021) (staying an action because there were jurisdictional issues in the first-filed court); *Location Servs., LLC v. Digital Recognition Network, Inc.*, No. 2:18-CV-00893-KJM-AC, 2018 WL 3869169, at *3–4 (E.D. Cal. Aug. 15, 2018) (dismissing a second-filed action as duplicative when there were no jurisdictional issues in the first-filed court and when the parties were flipped, but the issue was the same).

Dismissal is inappropriate where there is a pending motion to transfer in the first-filed action when the first-to-file rule is raised in the second-filed action. *See Alltrade, Inc.*, 946 F.2d at 628–29; *Youngevity Int'l, Inc.*, 42 F. Supp. 3d. at 1384 (staying an action where a motion to dismiss, transfer, or stay was pending in the first-filed court). Dismissal may also be inappropriate if the issues are substantially similar, but the causes of action are significantly different. *See Campbell v. Annie's*

---

[10] While the convenience to the parties may in some cases affect where a case proceeds when the case is filed in a proper venue, *see* 28 U.S.C. § 1404(a), that determination should be left to the court considering the first-filed action. *Youngevity Int'l, Inc.*, 42 F. Supp. 3d. at 1384. Here, that court is the U.S. District Court for the Middle District of Florida.

*Homegrown, Inc.*, No. 17cv1736-MMA (MDD), 2017 WL 6406703, at *5 (S.D. Cal. Dec. 15, 2017) (staying a class action where a related class action against the same defendant was moving forward in a different district with somewhat different causes of action). Here, there is no bar to dismissal.

### 1. The United States Filed Its Complaint Before the Aroestes.

The United States' action in Florida was filed first. The Aroestes' filed their Complaint for this action on May 13, 2022. (ECF No. 1, Compl. at 21.) The United States filed its complaint in the Middle District of Florida a week prior, on May 6, 2022 (Fla. Compl.), which the Aroestes acknowledged in their Notice of Related Actions filed with this Court. (ECF No. 3, Pl.'s Notice of Related Actions at 2.) While the United States acknowledges that it has not perfected service for its complaint and the Aroestes have, filing—not the date of service—is the relevant criterion for the first-to-file rule. *Pacesetter Sys.*, 678 F.2d at 96 n.3. The first prong of the analysis is therefore satisfied.

### 2. The Parties in the Two Actions Are Functionally Identical.

The parties are substantially similar because they are, in practice, identical. The parties to the Florida action are the United States, Alberto Aroeste, and Estela Aroeste. (Fla. Compl. ¶ 1.) The named parties here are Alberto Aroeste, Estela Aroeste, and the IRS. (ECF No. 1, Compl. ¶¶ 1–5.) But because the Aroestes may only properly sue the United States under 28 U.S.C. § 1346(a), the United States is the proper defendant. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963); *Saints v. Winter*, No. 05CV0806 JAH (RBB), 2007 WL 2481514, at *4 (S.D. Cal. 2007); 28 U.S.C. § 7422(f). The parties are identical, and the second prong is satisfied.

### 3. The Issues in the Two Actions Are Similar and the Causes of Action Are Identical.

The issues are substantially similar because the core dispute in both actions is the same and the causes of action are mirror images. The Aroestes and the United States first dispute whether the FBAR penalties imposed on the Aroestes were lawful based on the Aroestes' status and conduct (ECF No. 1, Compl. ¶ 9; Fla. Compl. ¶¶ 30, 41). The parties also dispute whether, if the IRS could lawfully penalize the Aroestes, those penalties were greater than what the statute permits. (ECF No. 1, Compl. ¶ 14; Fla. Compl. ¶ 19.) And while the United States sued to collect the outstanding penalties, the Aroestes sued to recover the penalties they've already paid and implicitly to prevent the collection of the outstanding FBAR penalties. (ECF No. 1, Compl. ¶ 9; Fla. Compl. ¶ 1.) Because these core disputes are common to both actions, the issues are substantially similar. *See Kohn Law Grp.*, 787 F.3d at 1241. The third prong is satisfied.

### 4. No Judicially Recognized Exceptions to the Venue Test Applies.

No potential exception to the rule applies. *See Pacesetter Sys.*, 678 F.2d at 628. The United States did not file its complaint in bad faith, nor had it anticipated a suit by the Aroestes. And because the Aroestes' domicile is in the Middle District of Florida, that district is a reasonable place for the United States to file its action against them. (Ex. 1; Ex. 2; Ex. 3.; Ex. 4) And while the Aroestes are engaging in forum shopping by filing this action, the United States was not doing so in filing its action. (Ex. 1; Ex. 2; Ex. 3.; Ex. 4)

### 5. Because the United States Filed First, the Parties Are Functionally Identical, the Issues are Similar, and the Causes of Action Are Identical, the Court Should Dismiss This Action.

The Court should dismiss this action because it duplicates the action in the Middle District of Florida and because there are no countervailing concerns that would justify a transfer or stay. As in *Location Services*, when a court dismissed a second-filed action in which the parties were flipped from the first action and the issue was the same, here the parties are flipped, and the issue is the same. *See* 2018 WL 3869169, at *3–4. And unlike *Youngevity International*, in which there was a pending motion in the first-filed action, or *Campbell*, in which the causes of action in the two classes actions dealt with different issues, here there is no pending motion in the Middle District of Florida and the issues are identical. *See* 42 F. Supp. 3d. at 1384; 2017 WL 6406703, at *5. The Court should thus dismiss the action. But if the Court declines to dismiss the action, it should transfer the action to the Middle District of Florida so the cases can be consolidated there.

## IV.   CONCLUSION

This district is not the proper venue for this case. And the United States sued in a proper venue before the Aroestes filed their action here. Justice will not be disserved by ensuring this matter is resolved where the law dictates it should be—the Middle District of Florida. For these reasons, the United States respectfully requests that this Court dismiss this action, or else transfer it to the U.S. District Court for Middle District of Florida so that the United States may move for consolidation in that court.

Dated: July 5, 2022.

          DAVID A. HUBBERT
          Deputy Assistant Attorney General

          */s/ Christina T. Lanier*
          CHRISTINA T. LANIER
          Trial Attorney, Tax Division
          U.S. Department of Justice

          RANDY S. GROSSMAN
          United States Attorney
          Southern District of California

          *Counsel for United States of America*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing has been made this 5th day of July, 2022 via the Court's CM/ECF system to:

| | |
|---|---|
| Edward C. Walton | ed.walton@procopio.com |
| Jose Anuar Estefan Davila | anuar.estefan@procopio.com |
| Laurence R. Wrathall | reza.wrathall@procopio.com |
| Patrick Wayne Martin | patrick.martin@procopio.com |

          */s/ Christina T. Lanier*
          CHRISTINA T. LANIER
          Trial Attorney, Tax Division
          U.S. Department of Justice