UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO AROESTE and ESTELLA AROESTE,<br><br>                           Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                           Defendant. | Case No.:  22-cv-682-AJB-KSC<br><br>**ORDER FOLLOWING STATUS REPORT [Doc. No. 28]** |

Plaintiffs Alberto and Estella Aroeste sued the United States seeking to recoup tax penalty payments and to discharge their liability for tax penalties still outstanding. Doc. No. 1. The United States counterclaimed against plaintiffs to recover the amount of unpaid penalties. Doc. No. 11. On September 26, 2022, the District Court partially stayed this case pending resolution of *United States v. Bittner*, 19 F.4th 734 (9th Cir. 2021), *cert. granted* 142 S. Ct. 2833 (2022), currently pending before the United States Supreme Court, on grounds the *Bittner* decision will be dispositive of the amount of penalties, if any, allegedly owed by plaintiffs to the United States. *See* Doc. Nos. 24, 25. The parties nonetheless agreed to pursue discovery related to "(1) whether Alberto Aroeste was a resident of Mexico under the United States – Mexico income tax treaty; and (2) [whether Alberto was] a 'United States person' required to file a Report of Foreign Bank and Financial Accounts

1

(FBAR) for 2012 and/or 2013." Doc. Nos. 24 at 2, 27 at 1. The parties noted these issues would need to be addressed "regardless of the outcome in *Bittner*" because the *Bittner* case will only settle the matter of the amount of penalties, not whether they should be assessed in the first place. *See* Doc. No. 24 at 3.

The District Court's Order partially staying the case reflected the parties' agreement, and, after a case management conference, this Court issued a limited Scheduling Order on 10/6/2022 designed to permit the parties to quickly and efficiently resolve the two specified issues open to discovery. *See* Doc. Nos. 25, 27. The parties were also ordered to file a monthly status report. *See id.* Because the two issues subject to discovery are potentially case dispositive in this matter, this Court, with the parties' agreement, set a settlement conference for January 9, 2023. Doc. No. 27 at 2.

As directed, the parties filed a Joint Status Report on November 30, 2022. *See* Doc. No. 28. The parties state defendant served interrogatories and requests for production on October 21, 2022, to which plaintiffs responded on November 21, 2022. *See id.* at 2. Plaintiffs waited to serve requests for production until November 2, 2022. *Id.* Although the United States had not responded to plaintiffs' discovery as of the date the parties filed the Joint Status Report, the parties report that they already disagree about the scope of plaintiffs' discovery requests. *Id.* Because defendant contends some of plaintiffs' requests exceed the scope of discovery permitted under the stay, the parties assert some of their disagreements may "become moot" after the stay lifts in the wake of an eventual *Bittner* decision. *Id.* Accordingly, the parties include in the Joint Status Report an informal request for a 45-day continuance of the cutoff for taking and completing limited discovery and of the January 9, 2023, settlement conference. *Id.* at 3.

Section VI of the Court's Chambers Rules require requests to amend the Scheduling Order be made by Joint Motion. The request made herein as an addendum to a status report does not comply with this Rule. Further, a scheduling order may not be modified without a showing of good cause. Fed. R. Civ. P. 16(b)(4). Civil Local Rule 16.1(b) obliges the parties to "proceed with diligence to take all steps necessary to bring an action to readiness

for trial," and this Court considers that level of diligence a necessary condition of finding good cause to amend any scheduling order. The parties assert a 45-day continuance is warranted because the U.S. Supreme Court *might* issue an opinion in "this term," and that opinion *might* resolve some of the parties' discovery disputes. *See* Doc. No. 28 at 2-3. The Court disagrees.

The Scheduling Order currently requires all discovery be "completed" by December 5, 2022; with "completed" meaning that it has been served with enough time for a response before the cutoff date. Doc. No. 27 at 1-2. Although the parties provide no explanation for why they waited weeks after the Case Management Conference to serve discovery, they nonetheless appear in compliance with this deadline. The parties have "completed" their discovery before the December 5, 2022, deadline, even if the responses may include objections. The parties do not indicate they have more discovery to serve. Rather, they seek only extra time to meet and confer regarding defendant's responses to plaintiff's discovery requests. *See* Doc. No. 28 at 3. The Scheduling Order [*see* Doc. No. 27 at 2] and section VIII of the Court's Chambers Rules require the parties to promptly meet-and-confer over any objections, and to request the Court's involvement only if necessary. The Court notes that, although new discovery cannot be served after the cutoff, the parties may still move to compel responses after the cutoff so long as the parties follow the Court's Chambers Rules, particularly in a case like this where, unless the matter settles early, discovery will go forward unrestricted and the case will proceed on the merits after the high court rules in *Bittner*.

The Court directs the parties to promptly meet and confer about the sufficiency of defendant's pending responses to plaintiffs' written discovery, once served. The Court further directs the parties to resolve their objections—either informally or with the assistance of the Court—sufficiently in advance of the January settlement conference to permit a good faith settlement effort during that conference. The issue of Mr. Aroeste's status as a "United States person" or a "resident of Mexico" could prove dispositive of the liability issue in this case. The Court sees no reason to postpone this matter when the parties

1  appear to be on track to comply with the pretrial dates already issued. The request to amend
2  the Scheduling Order is therefore **DENIED**.
3      **IT IS SO ORDERED.**
4  Dated: December 1, 2022

                                        Hon. Karen S. Crawford
                                        United States Magistrate Judge