IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERTO AROESTE,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant.<br>_____<br>UNITED STATES OF AMERICA,<br>    Counterclaim Plaintiff,<br><br>v.<br><br>ALBERTO AROESTE,<br>    Counterclaim Defendant. | § § § § § § § § § § § § § § § § § § | Case No. 22-cv-682-AJB-KSC<br><br>**DECLARATION OF REVENUE AGENT CHAD A. PRESNELL** |

## **DECLARATION**

I, Chad A. Presnell, declare as follows:

1. I am an Internal Revenue Agent in the Internal Revenue Service, 1122 Town and Country Commons, Town & Country, MO 63017.

2. As part of my regular duties, I have access to the IRS records of FBAR penalties as they relate to specific individuals. The records I review are created at or near the time of the act(s) or event(s) described by the records and are prepared by an IRS employee with knowledge of the act(s) or event(s). It is the regular practice of the IRS to create and preserve such records. In this case, I have been requested by the Department of Justice to provide balance due information for the FBAR penalties of Alberto Aroeste.

3. To determine the current balance due on these liabilities, I accessed the IRS FBAR database records, which store and track debtor account information. The FBAR penalty assessment is made by an FBAR penalty coordinator, who enters information into the IRS FBAR database related to the IRS's determination of a penalty. At or near

the time an FBAR penalty assessment is made, the IRS sends the person assessed a Letter 3708 demanding payment of the FBAR penalty assessment (debt). If the IRS does not receive full payment, an FBAR penalty coordinator enters into the Bureau of the Fiscal Service's (BFS) Cross Servicing Next Generation (CSNG) system the information pertaining to the debt, including the amount of the debt and the delinquency date. CSNG calculates interest and penalties on the debt based on the information entered, and also shows any collection costs charged by BFS related to the debt.

4. According to the information I reviewed, the FBAR penalties were assessed against Alberto Aroeste on May 12, 2020, and a Letter 3708 was mailed to Alberto Aroeste on July 23, 2020. Attached as Exhibit 1 are the Forms 13448, Penalty Assessment Certifications, signed on May 12, 2020. Attached as Exhibit 2 is a copy of the Letter 3708 that was sent to Alberto Aroeste's last known address. Exhibits 1 and 2 are true and correct copies, with taxpayer identification and account numbers redacted.

5. The Letter 3708 sent to Alberto Aroeste provided that interest would accrue at 2% per year, and that the late payment penalty would be 6% per year.

6. The FBAR assessment against Alberto Aroeste was $100,000. I have calculated his current FBAR liability based on the amount sought by the United States in its complaint, $10,000 for 2012 and $10,000 for 2013.

7. Through August 9, 2023, Alberto Aroeste has the following FBAR penalties under 31 U.S.C. § 5321, and the late payment penalty and interest under 31 U.S.C. § 3717(c)(2), for the calendar years 2012 and 2013, as follows:

| | |
|---|---|
| FBAR Penalty 2012 | $10,000.00 |
| FBAR Penalty 2013 | $10,000.00 |
| Total FBAR Penalty | $20,000.00 |
| Total Late Payment Penalty as of August 9, 2023 | $3,641.82 |
| Total Interest as of August 9, 2023 | $1,213.94 |
| Total Balance Due | $24,855.76 |
| Payment Received May 2, 2022 | $3,004.00 |
| Remaining FBAR Penalty as of August 9, 2023 | $19,834.61 |
| Remaining Interest as of August 9, 2023 | $504.29 |
| Remaining Failure-to-Pay Penalty as of August 9, 2023 | $1,512.86 |
| **Remaining Balance Due as of August 9, 2023** | **$21,851.76** |

8. As the table in the paragraph above shows, Alberto Aroeste paid $3,004 toward his outstanding FBAR penalties on May 2, 2022. Pursuant to 31 C.F.R. § 901.9(f), this payment was applied first to penalties, then interest, then the FBAR principal as calculated on that date.

9. Attached as Exhibit 3 is a true and correct copy of the computation summary.

10. Interest was calculated as follows:

| **Effective Dates** | **Days** | **Rate** | **Remaining Interest**[1] |
|---|---|---|---|
| 07/23/2020–08/09/2023 | 1,112 | 2% | $504.29 |

---

[1] The May 2, 2022 payment was applied in part toward the interest balance that existed on that day. *See* 31 C.F.R. § 901.9(f). As such, the remaining interest due as of August 9, 2023, is reduced based on the portion of payment applied toward interest.

3

22-cv-682-AJB-KSC

11. Penalties were calculated as follows:

| Effective Dates | Days | Rate | Remaining Failure-to-Pay Penalties[2] |
|---|---|---|---|
| 07/23/2020–08/09/2023 | 1,112 | 6% | $1,512.86 |

12. Interest and failure-to-pay penalties will continue to accrue at the rates specified in 31 U.S.C. §§ 3717 (a)(1) and (e)(2), until the debt is paid in full.

13. For all exhibits mentioned in this declaration, Alberto Aroeste's Social Security number has been redacted to protect his privacy and comply with 26 U.S.C. § 6103.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and accurate. Executed in Chesterfield, Missouri.

Dated: August 11, 2023

_____
Chad A. Presnell
Internal Revenue Agent

Digitally signed by Chad A. Presnell
Date: 2023.08.11 09:54:28 -05'00'

---

[2] The May 2, 2022 payment was applied in part toward the failure-to-pay penalty balance that existed on that day. *See* 31 C.F.R. § 901.9(f). As such, the remaining failure-to-pay penalty due as of August 9, 2023, is reduced based on the portion of payment applied toward this penalty.