IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERTO AROESTE,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant.<br>_____<br>UNITED STATES OF AMERICA,<br>    Counterclaim Plaintiff,<br><br>v.<br><br>ALBERTO AROESTE,<br>    Counterclaim Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 22-CV-682-AJB-KSC<br><br>**DECLARATION OF FBAR PENALTY COORDINATOR ONISHA Y. DARNELL** |

# **DECLARATION**

I, Onisha Y. Darnell, declare as follows:

1.   I am an FBAR Penalty Coordinator in the Internal Revenue Service, 985 Michigan Avenue, Detroit, MI 48226.

2.   As part of my regular duties, I have access to the IRS records of FBAR penalties as they relate to specific individuals. The records I review are created at or near the time of the act(s) or event(s) described by the records and are prepared by an IRS employee with knowledge of the act(s) or event(s). It is the regular practice of the IRS to create and preserve such records. In this case, I have been requested by the Department of Justice to review the records kept for the FBAR penalties of Alberto Aroeste.

3.   The process for the assessment of an FBAR penalty begins when our office receives a Form 13449, *Agreement to Assessment and Collection of Penalties Under 31 USC 5321(a)(5) and 5321(a)(6)*. Although the title of the Form is shown as an

"agreement," it also functions as a list of the penalties to be assessed in cases where there is no agreement.

4. In the case of Alberto Aroeste, the Form 13449 reflects proposed FBAR penalties under 31 U.S.C. § 5321(a)(5) for non-willful failure to report a foreign account for 2012 and 2013.

5. While the Form 13449 contains seven different types of FBAR penalties, the IRS FBAR Database, in which all FBAR penalty assessments are recorded and from which we generate Forms 13448, *Penalty Assessment Certification (Title 31 – "FBAR")*, contains only five different descriptions. Notably, there is no option in the IRS FBAR Database to select a non-willful reporting violation under § 5321(a)(5).

6. Thus, when the Form 13449 reflects a proposed FBAR penalty for a non-willful reporting violation, we typically enter that into the IRS FBAR Database as a non-willful *recordkeeping* violation. This is what was done for Alberto Aroeste's 2012 liability.

7. For unknown reasons, "Negligent Failure to Report – 31 USC 5321(a)(6)" was selected as the proposed penalty against Alberto Aroeste for 2013. This does not match what was stated as the proposed FBAR penalty on the Form 13449. It should have been entered just as the penalty was entered for 2012.

8. When a delegate of the Secretary of the Treasury assesses an FBAR penalty against an individual, the IRS keeps a record of that assessment via Form 13448, Penalty Assessment Certification (Title 31 – "FBAR"). This Form is signed and dated for the date the penalty is assessed. This Form is generated by pressing a button in the IRS FBAR Database after the penalty information is entered in from the Form 13449.

9. This certification is produced for each year FBAR penalties are assessed and itemizes the amount of each assessment.

10. A delegate of the Secretary of the Treasury assessed against Alberto Aroeste FBAR penalties for both 2012 and 2013. As a result, a Form 13448 was generated and certified for each year.

11. Attached to the United States' Motion for Summary Judgment and related declarations as Exhibit 1 are true and correct copies of the Forms 13448 generated and certified by a delegate of the Secretary of the Treasury for both 2012 and 2013. *See* ECF No. 71-4.

12. As Exhibit 1 shows, Alberto Aroeste was assessed FBAR penalties for both 2012 and 2013 on May 12, 2020. *See* ECF No. 71-4.

13. The first page of Exhibit 1 shows the penalties assessed against Alberto Aroeste for 2012. However, under the "Proposed Penalty," the Form lists "2. Non-Willful Failure to meet Recordkeeping Requirements – 31" instead of stating that penalties were being assessed under 31 U.S.C. § 5321(a)(5) for non-willful reporting violations due to the limitations of the IRS FBAR Database referenced in paragraph 5. *See* ECF No. 74-1, at 1.

14. The second page of Exhibit 1 shows the penalties assessed against Alberto Aroeste for 2013. While the penalties for 2013 were assessed under 31 U.S.C. § 5321(a)(5) for non-willful reporting violations, due to the limitations of the IRS FBAR Database referenced in paragraph 5, the "Proposed Penalty" on the Form 13448 should have referenced "Non-Willful Failure to meet Recordkeeping Requirements. However, under the "Proposed Penalty," the Form mistakenly lists "3. Negligent Failure to Report – 31 USC 5321 (a)(6)." *See* ECF No. 74-1, at 2.

15. The error highlighted in paragraph 14 is due to a scrivener's error.

16. In this case, each assessment was made after review of the Form 13449. That form specifies that the penalties in this case were assessed for the non-willful failure to report foreign financial accounts under 31 U.S.C. § 5321(a)(5).

17.     In preparing the Forms 13448 for 2012 and 2013, inaccurate penalty descriptions were used which make it appear that different penalties were assessed. However, the IRS did not assess penalties for non-willful failure to meet recordkeeping requirements under § 5321(a)(5) or for negligent failure to report under § 5321(a)(6). the penalties against Alberto Aroeste for 2012 and 2013 were assessed for his non-willful failure to report foreign financial accounts under § 5321(a)(5).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and accurate. Executed in Detroit, Michigan.

Dated:     October 17, 2023            *Onisha Y. Darnell*
                                        Onisha Y. Darnell
                                        FBAR Penalty Coordinator